FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 1 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NICOLE COLLINS, CASI HUDSON,**
**RACHEL HILLMAN, JANE DOE I,**
**CHRIS CRUTHIS, MARCUS STEVENS,**
**and ERIN TOWNSEND, Each Individually**
**and on Behalf of Others Similarly Situated**                    **PLAINTIFFS**

vs.                          No. 4:12-cv-685  (SWW)

**BARNEY'S BARN, INC., Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**DANNY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**CASEY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**and MICHAEL JONES, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB**                              **DEFENDANTS**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Nicole Collins, Casi Hudson, Rachel Hillman, Jane

Doe I, Chris Cruthis, Marcus Stevens, and Erin Townsend, each on their own

behalf and on behalf of all others similarly situated, by and through their

attorneys Anne Milligan and Josh Sanford of the Sanford Law Firm, PLLC, and

for their Original Complaint against Defendants Barney's Barn, Inc., individually

and d/b/a Peaches Gentleman's Club; Danny Martindill, individually and d/b/a

Peaches Gentleman's Club; Casey Martindill, individually and d/b/a Peaches

Gentleman's Club; and Michael Jones, individually and d/b/a Peaches

Gentleman's Club (hereinafter referred to collectively—unless otherwise noted—

as "Defendant"), and in support thereof they do hereby state and allege as follows:

## I.

## INTRODUCTION

1.      Plaintiffs assert individual claims under the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), and the common laws of the State of Arkansas—namely unjust enrichment.

2.      Plaintiffs make collective action allegations under the FLSA and class action claims related to their AMWA and unjust enrichment claims under Rule 23 of the FRCP; to that end, Plaintiffs propose two classes for each cause of action: an exotic dancer class and a non-dancer class.

3.      This case is closely related to a previously-filed (and now closed) case in this judicial district, namely <u>Kalie Brown, et al., v. Barney's Barn, Inc., et al.</u>, 4:11-cv-224-SWW, and so a Notice of Related Case is filed concurrently herewith, pursuant to General Order No. 39.

4.      Plaintiffs are female exotic dancers (hereinafter referred to as "dancers" or "Dancer Plaintiffs"), as well as male and female bartenders, bouncers, security guards, waitresses, assistant managers, etc., (hereinafter referred to as "non-dancers" or "Non-dancer Plaintiffs") for Defendant at its Pulaski County location during the relevant time period, and who were denied their clearly-established, rights under applicable federal and state statutes, as well as Arkansas common law.

5.     Defendant paid no wages whatsoever to Dancer Plaintiffs and forced Dancer Plaintiffs to pay Defendant unlawful sums just to work at Peaches.

6.     Defendant paid all waitresses and bartenders $2.00 an hour in "under-the-table" cash, rather than the $2.63 per hour required under the AMWA.

7.     Defendant paid all workers other than Dancer Plaintiffs, waitresses, and bartenders a "flat fee" in "under-the-table" cash for each shift worked, regardless of the hours that those persons worked, often resulting in an hourly rate of $5.41 per hour or less—i.e., far short of both the Federal ($7.25) and the Arkansas State ($6.25) minimum wages and providing no compensation at all for overtime.

8.     As a result of the practices of Defendant described herein, Defendant failed to adequately compensate all Plaintiffs, as well as those persons similarly-situated to Plaintiffs and who Plaintiffs seek to represent— including minimum and overtime wages as required by the FLSA and AMWA, and fair compensation as required by Arkansas common law.

II.

## JURISDICTION AND VENUE

9.     Plaintiffs and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

10.    Plaintiffs seek compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

11.    This Complaint also alleges causes of action under the common law and statutes of the State of Arkansas, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

12.    This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

13.    The acts complained of herein were committed and had their principal effect, as described more fully below, within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

III.

**PARTIES**

**A. Dancer Plaintiffs**

14.    Plaintiff Nicole Collins (hereinafter "Collins"), stage name "Destiny," is a citizen and resident of the State of Arkansas. Collins worked as a dancer at Defendant's place of business located at 221 West Main Street, Jacksonville, Arkansas, from mid-March 2009 through October 2011.

15.    Collins typically worked six to seven nights per week, with each night consisting of about nine to twelve hours, averaging sixty-five to seventy-five hours per week.

16.    Plaintiff Casi Hudson (hereinafter "Hudson"), stage name "Blaze," is a citizen and resident of the State of Arkansas. Hudson worked as a dancer,

waitress, and bartender at Defendant's place of business located at 221 West Main Street, Jacksonville, Arkansas, from October 2007 until about July of 2010.

17.    Hudson typically worked six nights per week, with each night consisting of about twelve hours, averaging around seventy-two hours per week.

18.    Plaintiff Rachel Hillman (hereinafter "Hillman") is a citizen and resident of the State of Arkansas. Hudson worked as a dancer at Defendant's place of business located at 221 West Main Street, Jacksonville, Arkansas, from March 2009 through March 2010, and again in July 2010 until roughly Thanksgiving of 2010.

19.    Hillman typically worked six nights per week, with each night consisting of about twelve hours, averaging at least seventy-two hours per week.

20.    Plaintiff Jane Doe I (hereinafter "Doe I"), stage name "Megan," is a citizen and resident of the State of Arkansas. Doe I worked as a dancer and bartender at Defendant's place of business located at 221 West Main Street, Jacksonville, Arkansas, off and on from 2009 through 2010.

21.    Doe I worked five to seven nights per week, with each night consisting of at least eleven hours, averaging fifty-five to seventy-seven hours per week.

22.    Plaintiff Doe I wishes to proceed anonymously in this case because she has abandoned exotic dancing and has moved on to a professional position in which she has extensive contact with persons in the Little Rock area where this Court is located, and she deals with the public on a daily basis.

23.    Defendant is not inconvenienced by Jane Doe I proceeding anonymously because they are aware of who Jane Doe I is. Doe I worked for Defendant for two years; however, proceeding anonymously herein allows Plaintiff Doe I to avoid the gross opprobrium associated with the public's perception of exotic dancers as well as any reprisals by her current employer.

24.    Furthermore, Counsel for Plaintiff Doe I is ready and willing to privately disclose the identity of Doe I to Defense Counsel upon his or her entry of appearance, under the condition of continued anonymity.

### B. Non-Dancer Plaintiffs

25.    Plaintiff Chris Cruthis (hereinafter "Cruthis") is a citizen and resident of the State of Arkansas.  Plaintiff worked at Defendants' place of business located at 221 West Main Street, Jacksonville, Arkansas, from before the period covered by the statute of limitations until April 12, 2010.

26.    Cruthis worked as a bouncer and/or security guard for Defendant and was always paid a flat fee of $65.00 cash per night to come in, work the door, and clean up after patrons left.

27.    Shifts at Peaches were typically no less than twelve hours, which for Cruthis resulted in an effective hourly rate of $5.41/hour or less, in violation of the minimum wage and overtime provisions of the FLSA and the AMWA.

28.    Defendant told Cruthis that he was paid only $65.00 a night because "taxes were being held out;" however, despite Cruthis's repeated requests, Defendant refused to deliver any tax documents (e.g., a W-2 or a 1099) whatsoever to Cruthis for all tax years, including 2008, 2009 or 2010.

29.     The final time that Cruthis requested tax documents from his employer, he was finally told that no tax documents existed.

30.     Cruthis typically worked almost every night at Defendant's place of business, from open to close (5:00 PM – 5:00 AM or later), six to seven days per week.

31.     Plaintiff Marcus Stevens (hereinafter "Stevens") is a citizen and resident of the State of Arkansas.   Plaintiff worked at Defendants' place of business located at 221 West Main Street, Jacksonville, Arkansas, from before the statute of limitations period until September of 2010.

32.     Stevens was a disc-jockey, or "DJ," and also assisted in the management of bartenders, waitresses and dancers. Stevens was always paid a flat fee of $75.00 cash per night, and he typically worked six shifts per week, from open to close, 5:00 PM – 5:00 AM, or sometimes even as late as 8:00 AM.

33.     Due to Stevens' involvement in management, his shifts at Peaches were typically no less than thirteen hours, which resulted in an effective hourly rate of $5.77/hour or less, in violation of the FLSA and the AMWA.

34.     Stevens repeatedly requested tax documents from Defendant so that he could file taxes on his income; however, Defendant refused to deliver any tax documents (e.g., a W-2 or a 1099) whatsoever to Stevens for all tax years, including 2008, 2009 or 2010.

35.     Plaintiff Casi Hudson (hereinafter "Hudson"), an aforedescribed exotic dancer, was also a waitress and bartender at Defendant's place of

business located at 221 West Main Street, Jacksonville, Arkansas, from October of 2007 until about July of 2010.

36.     Hudson typically blended her work as a dancer with her work as a waitress and a bartender—that is to say, if Hudson was waiting tables or bartending, but Defendant was short a dancer that night, Defendant would make Hudson get on the stage and dance instead of performing her other duties.

37.     Hudson was only paid $2.00/hour in cash each night to work as a bartender or waitress, in violation of the FLSA and the AMWA, the latter of which requires a minimum tipped wage of $2.63/hour.

38.     Hudson was told that she was only paid for the hours that she worked that the business was open to the public, i.e. 6:00 PM to 5:00 AM. She was not paid for any opening or closing duties or any time spent at pre-open staff meetings, which could take between a half hour to an hour or more on each end of her shift, in violation of the FLSA and the AMWA.

39.     Hudson repeatedly requested tax documents from Defendant so that she could file taxes on her income; however, Defendant refused to deliver any tax documents (e.g., a W-2 or a 1099) whatsoever to Hudson for all tax, including years 2007, 2008, 2009 or 2010.

40.     Plaintiff Erin Townsend (hereinafter "Townsend"), was a lead bartender at Defendant's place of business located at 221 West Main Street, Jacksonville, Arkansas, from October of 2007 until about June of 2010.

41.     Townsend was paid $4.00/hour in cash each night to work as a lead bartender.

42.     Townsend was told that she was only paid for the hours that she worked that the business was open to the public, i.e. 6:00 PM to 5:00 AM. She was not paid for any opening or closing duties or any time spent at pre-open staff meetings, which could take between a half hour to an hour or more on each end of her shift, in violation of the FLSA and the AMWA.

43.     Townsend repeatedly requested tax documents from Defendant so that she could file taxes on her income; however, Defendant refused to deliver any tax documents (e.g., a W-2 or a 1099) whatsoever to Hudson for all tax, including years 2007, 2008, or 2009.

### C. Plaintiffs Generally

44.     At all times relevant to this Complaint, each Dancer Plaintiff was intentionally improperly classified by Defendant as an independent contractor, but in reality she was an employee of Defendant subject to the requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act.

45.     As a result of Defendant's intentional misclassification of Dancer Plaintiffs, each such Plaintiff was paid no wages at all, and each dancer is owed full minimum and overtime wages, as well as reimbursement for all their unlawful house tip outs, as described herein.

46.     At all times relevant to this Complaint, each non-Dancer Plaintiff was an employee of Defendant subject to the requirements of the Fair Labor Standards Act and the Arkansas Minimum Wage Act, among which are included the nearly 75-year-old right to a minimum wage for all hours under forty and time-and-a-half for all hours in excess of forty per week.

47.     Each non-Dancer Plaintiff was paid wages which fell short of the minimum and overtime wages required under the law.

48.     Plaintiffs bring this action both individually and as representatives on behalf of themselves and all other individuals who worked at Defendant's place of business (within the three years immediately preceding the filing of this case), present or future, who suffered wage and hour violations as described above.

49.     As set forth herein below, Plaintiff maintain that there is a legal and equitable basis for this Court to find that the tolling of the statute of limitations creates a period of damages that is longer than three years.

**D. Defendant Barney's Barn, Inc.**

50.     Defendant Barney's Barn, Inc., is a domestic nonprofit corporation and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, for all relevant time periods.

51.     For all similarly situated employee Plaintiffs, Defendant Barney's Barn, Inc., is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

52.     The registered agent for Defendant Barney's Barn, Inc., is Danny Martindill, whose address is 2221 West Main Street, Jacksonville, AR 72076.

### E. Defendant Danny Martindill

53.     Danny Martindill (hereinafter "D. Martindill") owns, manages and controls the operation of the private club and dictates the employment policies of the club including but not limited to the decisions to classify the dancers as independent contracts (and/or lessees), to require that dancers split their tips with the club and other employees of the club, and to pay non-dancer employees unlawfully.

54.     D. Martindill is a citizen and resident of the State of Arkansas and upon information and belief is an owner of the business that calls itself Peaches or some similar name.

55.     Upon information and belief, D. Martindill has at times relevant hereto owned, managed and/or controlled Peaches.

### F. Defendant Casey Martindill

56.     Casey Martindill (hereinafter "C. Martindill"), a former Peaches exotic dancer and the current wife of Defendant Danny Martindill, manages and controls the operation of the private club as a so-called "House Mom," directing the work of exotic dancers, coaching and directing dancers that have broken club rules, directing that managers hire or fire certain dancers, and dictating employment policies of the club.

57.     C. Martindill is a citizen and resident of the State of Arkansas and upon information and belief is a manager of the business that calls itself Peaches or some similar name.

58.     Upon information and belief, C Martindill has at times relevant managed and/or controlled Peaches.

**G. Defendant Michael Jones**

59.     Upon information and belief, Michael Jones (hereinafter "Jones") owns, manages and controls the operation of the private club and dictates the employment policies of the club including but not limited to the decisions to classify the dancers as independent contractors (and/or lessees), to require that dancers split their tips with the club and other employees of the club, and to pay non-dancer employees unlawfully.

60.     Jones is a citizen and resident of the State of Arkansas and upon information and belief is an owner of the business that calls itself Peaches or some similar name.

61.     Upon information and belief, Jones has at times relevant hereto owned, managed and/or controlled Peaches.

**H. Defendants Generally**

62.     At all times relevant to this Complaint, Defendant was Plaintiffs' employer as defined by the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

63.     At all relevant times, Defendant has owned and operated a night club business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

64.     During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official books of Defendant might tend to support.

65.     Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

66.     Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

67.     At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

68.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the 29 U.S.C. § 201, *et seq.*

69.     At all times material herein, Plaintiffs and those similarly situated (per the description of Rule 23 Classes One and Two) have been entitled to the rights, protection and benefits provided under the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*

70.     At all times material herein, Plaintiffs and those similarly situated (per the description of Rule 23 Classes Three and Four) have been entitled to the rights, protection and benefits provided under common law theories of unjust enrichment.

71.     No exemptions or exceptions to the application of the FLSA or AMWA apply to Plaintiffs and the proposed collective class members or to any of the members of the Rule 23 Classes.

**IV.**

## GENERAL ALLEGATIONS APPLICABLE TO
## ALL COUNTS FOR NON-DANCERS

72.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

73.     As set forth herein above, Defendant failed to pay all of its non-dancer employees, who should have been paid no less than the Federal minimum wage, in compliance with Federal and State laws.

74.     Non-dancer Plaintiffs and those similarly situated were not misclassified or accidentally underpaid; instead, Defendant set out to intentionally underpay all their employees, defraud the government, and run a business beyond the boundaries of law-abiding citizens and business.

**V.**

## DEFENDANT'S INTENT

75.     All actions by Defendant were willful and not the result of mistake or inadvertence.

76.     Defendant knew or should have known that the FLSA applied to the operation of the private club at all relevant times.  Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage

and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

77.     Cases in support of the position taken by Plaintiffs in this lawsuit are many and are found throughout the country.  Many of them meaningfully predate the intentional classification committed by Defendant in this case. Harrell v. Diamond Entertainment, Inc., 992 F. Supp. 1343, (M.D. Fla. 1997); Reich v. Circle C. Investments, Inc., 998 F. 2d 324 (5th Cir. 1993); Reich v. ABC/York-Estes Corp, 1997 WL 264379 (N.D.Ill. 1997); Reich v. Priba Corp., 890 F.Supp. 586 (N.D.Tex. 1995); Martin v. Priba Corp., 1992 WL 486911 (N.D.Tex.); Martin v. Circle C. Investments, Inc., 1991 WL 338239 (W.D. Tex); Donovan v. Tavern Talent & Placements, Inc., 1986 WL 32746 (D.Colo.); Morse v. Mer Corp., 2010 WL 2346334 (S.D. Ind.).

78.     Plaintiffs are aware of no cases which support Defendant's intentional misclassification.

79.     In those prior cases, exotic dancers working under conditions similar to those employed by Defendant were determined to be employees under the FLSA, not independent contractors.

80.     Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold minimum (and overtime) wages to them in effort to enhance their profits.

81.     Additionally, some Plaintiffs and some members of the proposed collective class from time to time complained to Defendant about the

unlawfulness of the intentional misclassification and demanded that dancers be paid according to law and that dancers' tips not be diverted to Defendant and its employees, such as the disc jockeys, waitresses, bar tenders, bouncers and others who were the beneficiaries of some the illegal tip exactions carried out under various policies of Defendant.

## VI.

## INJURY AND DAMAGE

82.     Plaintiffs and all other members of the proposed collective and Rule 23 classes have suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

## VII.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### A. Dancer Plaintiffs

83.     Dancer Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated dancers improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

(i.)     minimum wages for the first forty (40) hours worked each week;

(ii.)    overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

(iii.)   tips paid by customers to Plaintiffs and the collective action class members which were exacted by Defendant; and

(iv.)   liquidated damages and attorney's fees for the same.

84.   The relevant time period dates back three years from the date on which the Original Complaint herein was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

85.   Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 50 persons but is less than 200 persons.

86.   Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

87.   The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

88.   The email addresses of many of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

89.   Notice of the right to join this lawsuit should be posted conspicuously at Defendant's business in a manner consistent with the orders of this Court.

90.    The claimed damages, inclusive of potential opt-in class members, exceed $300,000.00.

91.    Plaintiffs assert that other current and former dancers are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying dancers as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FSLA, and whose tips were unlawfully exacted by Defendant.

92.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

    a.    Defendant's failure to compensate members of the class at the minimum wage rate required by the FLSA, 29 U.S.C. § 203(m);

    b.    Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.;

    c.    Defendant required members of the class to pay Defendant and other employees of Defendant fees from the tips they received in violation of 29 U.S.C. § 203 (m).

**B. Non-Dancer Plaintiffs**

93.    Non-Dancer Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as waitresses, bartenders, security guards, managers or any person otherwise

paid a rate less than the minimum wage any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

(i.) minimum wages for the first forty (40) hours worked each week;

(ii.) overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

(iii.) liquidated damages and attorney's fees for the same.

94. The relevant time period dates back three years from the date on which the Original Complaint herein was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

95. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 30 persons but is less than 100 persons.

96. Defendant can readily identify the members of the class, who are presumably all current and former non-dancer employees of Defendant.

97. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

98. The email addresses of many of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

99.    As set forth herein below, Plaintiff maintain that there is a legal and equitable basis for this Court to find that the tolling of the statute of limitations creates a period of damages that is longer than three years.

100.    The claimed damages, inclusive of potential opt-in class members, exceed $300,000.00.

101.    Plaintiffs assert that other current and former employees are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally failing to pay the minimum and overtime wages required under the FLSA.

102.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

a.    Defendant's failure to compensate members of the class at the minimum wage rate required by the FLSA, 29 U.S.C. § 203(m); and

b.    Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## VIII.

## RULE 23 CLASS ACTION ALLEGATIONS UNDER THE AMWA

### A.  Dancer Plaintiffs ("Rule 23 Class One")

103.    Plaintiffs also bring this case as a class action claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated dancers within the State of Arkansas improperly classified by Defendant as independent contractors at any time within the applicable

statute of limitations period for the purpose of obtaining relief under Arkansas law for unpaid wages and unpaid overtime wages under the AMWA. A.C.A. § 11-4-201, et seq.

104. The relevant time period for the Rule 23 Class One dates back three years from the date of this Complaint's filing and continues forward through the date of judgment pursuant to Ark. Code Ann. § 16-56-115, except as set forth herein below.

105. The members of the proposed Class One are so numerous that joinder of all members is impracticable.

106. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 50 persons but is less than 300 persons.

107. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Rule 23 Class One because there is no conflict between the claims of the Plaintiffs and those of the proposed Rule 23 Class One.

108. Plaintiffs' claims are typical of the claims of the proposed Rule 23 Class One members.

109. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are capable and willing to associate additional counsel.

110. Plaintiffs named in this case have consented to the association of additional counsel.

111.   There are questions of law and fact common to the proposed Rule 23 Class One which predominate over any questions affecting only individual members of the proposed Rule 23 Class One.

112.   The proposed Rule 23 Class One members have common questions of law and fact in that they are all exotic dancers that have been subject to uniform practices by Defendant which violated the AMWA, including:

a.   Defendant's failure to compensate members of the class at the minimum wage rate required by the AMWA, at A.C.A. § 11-4-210 and/or § 11-4-212; and

b.   Defendant's failure to pay members of the class overtime compensation in violation of the AMWA, A.C.A. § 11-4-211; and

c.   Defendant's failure to make and keep records "for a period of not less than three (3) years in or about the premises wherein any employee is employed" in violation of the AMWA, A.C.A. § 11-4-217.

See Anderson v. Mt. Clemens Pottery Co., infra at 39, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) (in re record keeping provisions of the FLSA parallel to those of the AMWA) (absence, inaccuracy, or inadequacy of employer's hour and wage records raises presumption in favor of plaintiff and her calculations).

113.   Plaintiffs' claims are typical of the claims of the proposed Rule 23 Class One in the following ways:

a.   Plaintiffs are members of the proposed Rule 23 Class One;

b.   Plaintiffs' claims arise out the same policies, practices, and course of conduct that form the basis of the proposed Rule 23 Class One;

c.      Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed Rule 23 Class One and involve similar factual circumstances;

d.      There are no conflicts between the interests of the named Plaintiffs and the Rule 23 Class One members; and

e.      The injuries suffered by the named Plaintiffs and the Rule 23 Class One members are the same in kind and generally similar in extent.

114.    Class certification is appropriate under FRCP 23(b)(3), because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed Rule 23 Class One.

115.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.

116.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy

117.    The proposed Rule 23 Class One is readily identifiable from Defendant's own employment and/or business records.

118.    Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications

with respect to individual members of the proposed Rule 23 Class One that would establish potentially incompatible standards of conduct for Defendant.

119.   A Rule 23 class action is superior to other available methods for adjudication of this aspect of the controversy because joinder of all members is impracticable. Furthermore, the amounts at stake for many of the proposed Rule 23 Class One members, while potentially substantial, are not great enough to enable them to maintain separate suits against Defendant.

120.   Without a Rule 23 class action, Defendant will likely retain the benefit of its wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the proposed Rule 23 Class One.

### B. Non-Dancer Plaintiffs ("Rule 23 Class Two")

121.   Non-Dancer Plaintiffs also bring this case as a class action claim pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated non-dancer employees of Defendant for the purpose of obtaining relief under Arkansas law for unpaid wages and unpaid overtime wages under the AMWA. A.C.A. § 11-4-201, et seq.

122.   The relevant time period for the Rule 23 Class Two dates back three years from the date of this Complaint's filing and continues forward through the date of judgment pursuant to Ark. Code Ann. § 16-56-115, except as set forth herein below.

123.   The members of the proposed Class Two are so numerous that joinder of all members is impracticable.

124. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 30 persons but is less than 100 persons.

125. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Rule 23 Class Two because there is no conflict between the claims of the Plaintiffs and those of the proposed Rule 23 Class Two.

126. Plaintiffs' claims are typical of the claims of the proposed Rule 23 Class Two members.

127. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are capable and willing to associate additional counsel.

128. Plaintiffs named in this case have consented to the association of additional counsel.

129. There are questions of law and fact common to the proposed Rule 23 Class Two which predominate over any questions affecting only individual members of the proposed Rule 23 Class Two.

130. The proposed Rule 23 Class Two members have common questions of law and fact in that they are all relatively low-level, sub-minimum wage employees that have been subject to uniform practices by Defendant which violated the AMWA, including:

    a.    Defendant's failure to compensate members of the class at the minimum wage rate required by the AMWA, at A.C.A. § 11-4-210 and/or § 11-4-212; and

b.      Defendant's failure to pay members of the class overtime compensation in violation of the AMWA, A.C.A. § 11-4-211; and

c.      Defendant's failure to make and keep records "for a period of not less than three (3) years in or about the premises wherein any employee is employed" in violation of the AMWA, A.C.A. § 11-4-217.

See Anderson v. Mt. Clemens Pottery Co., infra at 39, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) (under the FLSA, which the AMWA parallels, the absence, inaccuracy, or inadequacy of employer's hour and wage records raises presumption in favor of plaintiff and her calculations).

131.    Plaintiffs' claims are typical of the claims of the proposed Rule 23 Class One in the following ways:

a.      Plaintiffs are members of the proposed Rule 23 Class Two;

b.      Plaintiffs' claims arise out the same policies, practices, and course of conduct that form the basis of the proposed Rule 23 Class Two;

c.      Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed Rule 23 Class Two and involve similar factual circumstances;

d.      There are no conflicts between the interests of the named Plaintiffs and the Rule 23 Class Two members; and

e.      The injuries suffered by the named Plaintiffs and the Rule 23 Class Two members are the same in kind and generally similar in extent.

132. Class certification is appropriate under FRCP 23(b)(3), because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed Rule 23 Class Two.

133. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.

134. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy

135. The proposed Rule 23 Class Two is readily identifiable from Defendant's own employment and/or business records.

136. Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed Rule 23 Class Two that would establish potentially incompatible standards of conduct for Defendant.

137. A Rule 23 class action is superior to other available methods for adjudication of this aspect of the controversy because joinder of all members is impracticable. Furthermore, the amounts at stake for many of the proposed Rule 23 Class Two members, while potentially substantial, are not great enough to enable them to maintain separate suits against Defendant.

138.   Without a Rule 23 class action, Defendant will likely retain the benefit of its wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the proposed Rule 23 Class Two.

## IX.

### FIRST INDIVIDUAL CAUSE OF ACTION

### VIOLATION OF THE FLSA

**(Failure to Pay Statutory Minimum Wages, Including Overtime Wages)**

**A. Dancer Plaintiffs**

139.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

140.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

141.   At all relevant times Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

142.   At all relevant times Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

143.   At all relevant times, Defendant has had annual gross operating revenues in excess of $500,000.00.

144.   29 U.S.C. § 206 requires that Defendant pay all employees minimum wages for all hours worked.   29 U.S.C. § 206(a) provides in pertinent part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at [...] not less than [...] $7.25 an hour [...].

145.   29 U.S.C. §207(a) provides in pertinent part:

> ...no employer shall employ any of his employees [...] for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above [forty] at a rate of not less than one and one-half times the regular rate at which he is employed.

146.   Defendant failed to pay Plaintiffs and the collective action class members the minimum wages set forth in 29 U.S.C. §§ 206 and 207—or any wages whatsoever.

147.   In fact, Defendant required that Plaintiffs and others similarly situated actually pay Defendant in order to have the opportunity to work for Defendant.

148.   Plaintiffs and those similarly situated did in fact pay Defendant for the opportunity to work for Defendant.

149.   Defendant failed to pay Plaintiffs and all other members of the proposed class minimum wages throughout the relevant time period because it intentionally misclassified them as independent contractors.

150.   The amounts paid to Plaintiffs and the proposed collective action class members by customers in relation to dances performed were tips, not wages paid by Defendant, and cannot be used to offset Defendant's obligation to pay collective class members' minimum and overtime wages.

151.   The FLSA permits an employer to allocate an employee's tips to satisfy a portion of the statutory minimum wage requirement provided that the following two conditions are *both* satisfied: (1) the employer must inform the tipped employees of the provisions of 29 U.S.C. § 203(m); and (2) tipped employees must retain *all the tips* received, except those tips included in a tipping pool among employees who customarily receive tips.   29 U.S.C. § 203(m).

152.   Neither condition was satisfied by Defendant in this case.

153.   Defendant did not inform Plaintiffs or other members of the proposed collective class of the provisions of 29 U.S.C. § 203(m).

154.   Plaintiffs and other collective action class members did not retain all the tips received excepting those tips included in a tipping pool among employees who customarily receive tips.

155.   Defendant never notified Plaintiffs and other collective class members that their tips were being used to reduce the minimum wages otherwise due under FLSA's tip-credit provisions and that they were still due the reduced minimum wage for tipped employees.

156.   Rather, Defendant always maintained that Plaintiffs and members of the proposed collective class were never due any minimum wages due to

Defendant's intentional misclassification of Plaintiffs and collective action class members as independent contractors; and in turn, Defendant paid Plaintiffs and the proposed collective action class members no wages.

157.    Further, Defendant's requirement that Plaintiffs and other collective class members split their tips and pay Defendant's and other employees of Defendant a percentage of all tips paid in relation to dances they performed was not part of a valid tip pooling or sharing arrangement.

158.    The amounts Plaintiffs and other members of the collective class paid Defendant and other employees of Defendant were not shared with co-employees who customarily receive tips.

159.    Rather, the amounts collected from Plaintiffs and other collective class members were retained by Defendant and/or paid to other employees of Defendant who do not customarily receive tips.

160.    Based on the foregoing, Plaintiffs and all members of the proposed collective class are entitled to the full statutory minimum and overtime wages set forth in 29 U.S.C. §§ 206 and 207 for all periods in which they worked for Defendant.

161.    Defendant's conduct in misclassifying Plaintiffs and other collective class members as independent contractors was willful and done to avoid paying them minimum and overtime wages and the other benefits that they were legally entitled to.

162.    The FLSA provides that a private civil action may be brought for the payment of federal minimum and overtime wages and for an equal amount in

liquidated damages in any court of competent jurisdiction by an employee on behalf of him/herself and other employees similarly situated pursuant to 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.")

163.   Moreover, Plaintiffs should recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

164.   Based on the foregoing, Plaintiffs individually seek unpaid minimum and overtime wages at the required legal rate for all of their working hours during the relevant time period, reimbursement of any house fees, explicitly required or implicitly required tip sharing with employees of Defendant, or with Defendant itself, and other levies or assessments or exactions by Defendant, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

**B. Non-Dancer Plaintiffs**

165.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

166.   Non-dancer Plaintiffs were paid a flat-fee in cash each night for their work, regardless of how many hours they worked, often resulting in a wage less than minimum being paid for hours less than forty and for less than all overtime hours being paid at the statutory rate of time-and-a-half.

167.   Plaintiffs should recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

168.   Based on the foregoing, Non-dancer Plaintiffs individually seek unpaid minimum and overtime wages at the required legal rate for all of their working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

## X.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA

### (Unlawful Collection of Tips/Gratuities by Defendant)

### A. Dancer Plaintiffs

169.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

170.   The amounts paid to Plaintiffs and the other members of the proposed collective class by customers in relation to dances they performed were tips under the FLSA, not wages.

171.   Defendant required Plaintiffs and other collective class members to share those tips with Defendant and other employees of Defendant.

172.   Under the FLSA tipped employees are entitled to retain all the tips received from patrons except those tips included in a tipping pool among employees who customarily receive tips.

173.   Defendant's requirement that Plaintiffs and other members of the proposed collective class split their tips with Defendant and with other employees of Defendant was not part of a valid tip pooling or sharing arrangement.

174.   The amounts Plaintiffs and other class members paid to Defendant and other employees of Defendant were not shared with co-employees who customarily receive tips.  Rather, the amounts were retained by Defendant and/or distributed to other employees of Defendant who do not customarily receive tips.

175.   By reason of the foregoing Defendant violated the FLSA.

176.   As a direct result of Defendant's unlawful conduct, Plaintiffs and all members of the proposed collective class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

177.   In addition to other relief due, all tips which Plaintiffs and other collective class members split with Defendant and other employees of Defendant should be refunded to the Plaintiffs and the opt-in members of the collective class along with prejudgment interest.

178.   Plaintiffs re-allege their entitlement to the damages they described herein above as house fees, explicitly required or implicitly required tip sharing with employees of Defendant, or with Defendant itself, and other levies or assessments or exactions by Defendant.

## XI.

## THIRD INDIVIDUAL CAUSE OF ACTION

## VIOLATION OF THE FLSA

### (Failure to Maintain Records)

179.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein, except to the extent the foregoing allegations are inconsistent with those set forth in this count.

180.   29 U.S.C. § 211(c) provided in pertinent part:

(c)    Records

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

181.   29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

182.   29 U.S.C. § 215(a)(5) provides in pertinent part:

…[I]t shall be unlawful for any person –

(5) to violate any provision of section 211(c) of this title…

183.   Defendant failed to maintain all records required by the aforementioned statutes and regulations, including those showing all hours Plaintiffs and other members of the collective class worked during the relevant time period.

184.   As a result of the foregoing, Defendant has violated the FLSA.

185.   Defendant's conduct was willful and not the result of mistake or inadvertence.   It would be inequitable for Defendant to retain the benefits received as a result of its misconduct.

186.   As a direct result of Defendant's unlawful conduct, Plaintiffs and all other members of the proposed collective class have suffered injury, incurred damages and financial loss.

187.   When the employer fails to keep accurate records of the hours worked by its employees, the rule in <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) is controlling.  That rule states:

> …where the employer's records are inaccurate or inadequate…an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

188.   The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA.   Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with...the Act." Id.

189.   Accordingly, Plaintiffs, on behalf of themselves and the members of the proposed collective action class, seek appropriate relief against Defendant including damages, restitution, estoppel from asserting the lack of employment records as a defense, penalties, liquidated damages, attorneys' fees and costs and all other relief just and appropriate in the circumstances.

## XII.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE AMWA

### (Failure to Pay the Arkansas State Statutory Minimum Wages

### and Overtime Premiums)

### A. Dancer Plaintiffs

190.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

191.   The forgoing conduct, as alleged, violated the Arkansas Minimum Wage Act, as codified at A.C.A. § 11-4-201 et seq.

192. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of A.C.A. § 11-4-203 (4).

193. At all relevant times, Dancer Plaintiffs and the Rule 23 Class One members have been and continue to be "employees" within the meaning of A.C.A. § 11-4-203 (3), without exemption or exception.

194. At all relevant times, Dancer Plaintiffs and the Rule 23 Class One members have not been and continue to not be "independent contractors" within the meaning of A.C.A. § 11-4-203 (6), to wit: Plaintiffs and the Rule 23 Class One members worked on the premises of Defendant; do not use their own techniques and methods to accomplish the work set before them by Defendant; and are subject to the control of Defendant not only in the result of their work, but in the method and manner thereof in every way.

195. As a result of Defendant's failure to pay, and decision to withhold wages earned and due to current and former employees in Rule 23 Class One for all work performed at the regular hourly wage rate in weeks where Plaintiffs worked forty hours a week and for all work performed at the applicable overtime rate for hours worked beyond forty hours a week, Defendant has violated and continues to violate A.C.A. § 11-4-211.

196. As a result of Defendant's failure to record, report, credit, and furnish to each of its employee exotic dancers, including the members of the Rule 23 Class One, their respective wage and hour records showing all wages earned and due for all work performed, Defendant has violated and continues to violate A.C.A. § 11-4-211.

197.    Dancer Plaintiffs therefore seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, along with any other legal and equitable relief the Court deems just and proper.

198.    Defendant's violations entitle Dancer Plaintiffs to liquidated damages pursuant to A.C.A. § 11-4-218(a)(2) in the form of double the compensatory damages set forth in A.C.A. § 11-4-218(a)(1)(B)(i).

199.    Dancer Plaintiffs are entitled to an award of attorneys' fees and court costs pursuant to A.C.A. § 11-4-218(a)(1)(B)(ii).

**B. Non-Dancer Plaintiffs**

200.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

201.    Non-dancer Plaintiffs were paid a flat-fee in cash each night for their work, regardless of how many hours they worked, often resulting in a wage less than minimum being paid for hours less than forty and for less than all overtime hours being paid at the statutory rate of time-and-a-half.

202.    Defendant's violations entitle Plaintiffs to liquidated damages pursuant to A.C.A. § 11-4-218(a)(2) in the form of double the compensatory damages set forth in A.C.A. § 11-4-218(a)(1)(B)(i).

203.    Plaintiffs are entitled to an award of attorneys' fees and court costs pursuant to A.C.A. § 11-4-218(a)(1)(B)(ii).

## XIII.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE AMWA

## (Failure to Maintain Records)

204. Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein, except to the extent the foregoing allegations are inconsistent with those set forth in this count.

205. Ark. Code Ann. § 11-4-217 provides in pertinent part:

> Every employer subject to any provision of this subchapter or of any regulation issued under this subchapter shall make and keep for a period of not less than three (3) years in or about the premises wherein any employee is employed, a record of the name, address, and occupation of each of his or her employees, the rate of pay, [and, inter alia] the amount paid each pay period to each employee . . . ."

206. The Administrative Regulations of the Labor Standards Division of the Arkansas Department of Labor further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. Admin. Reg. Labor Stand. Div. ARDOL 010.14-102(A)(1) (retrievable publicly at http://www.state.ar.us/labor//pdf/permanent_regs_minwage2007.pdf).

207. Defendant failed to maintain all records required by the aforementioned statutes and regulations for the club's exotic dancers, including those showing all hours Plaintiffs and other members of the Rule 23 Class One worked during the relevant time period.

208.   As a result of the foregoing, Defendant has violated the AMWA.

209.   Defendant's conduct was willful and not the result of mistake or inadvertence.   It would be inequitable for Defendant to retain the benefits received as a result of its misconduct.

210.   As a direct result of Defendant's unlawful conduct, Plaintiffs and all other members of Rule 23 Class One have suffered injury, damages and financial loss.

211.   The Arkansas Department of Labor set forth the rule above to give incentive to every employer to keep proper records in conformity with the employer's statutory duty.

212.   Without such a rule an employer would be permitted to reap the benefits of its employees' labors without proper compensation as required by the AMWA.

213.   The Court should adopt the rule of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) to Plaintiffs' AMWA records claims and find that Defendant's utter lack of wage and hour records for Plaintiffs raises a presumption in favor of Plaintiffs' weekly hours calculations and proof.

214.   Accordingly, Plaintiffs, on behalf of themselves and the members of the proposed Rule 23 Class One, seek appropriate relief against Defendant including damages, restitution, estoppel from asserting the lack of employment records as a defense, penalties, liquidated damages, attorneys' fees and costs and all other relief just and appropriate in the circumstances. A. C. A. § 11-4-218.

## XIV.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT/QUANTUM MERUIT

### A. Dancer Plaintiffs

215.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

216.   All of the time spent by Plaintiffs in the performance of their duties as dancers for Defendant was for the sole benefit of Defendant.

217.   Defendant had full knowledge of all duties performed by Plaintiffs because it is Defendant that owned and operated the private club where Plaintiffs worked and implemented all policies and procedures to which Plaintiffs were subject.

218.   Despite its knowledge, Defendant chose to accept the benefits of Plaintiffs' uncompensated and undercompensated labor for itself.

219.   By unjustly receiving the value of Plaintiffs' labor without providing proper compensation therefore, Defendant obtained substantial benefits and was unjustly enriched at the expense of Plaintiffs and the members of the proposed Rule 23 Class.

220.   By unlawfully demanding and retaining Plaintiffs' and members of the proposed Rule 23 Class Two members' gratuities and wages, Defendant obtained a substantial benefit and was unjustly enriched.   Such conduct was detrimental to Plaintiffs and to the members of the proposed Rule 23 Class.

221.   Defendant's conduct was willful and not the result of mistake or inadvertence.

222.   It would be inequitable for Defendant to retain the benefits received.

223.   As a direct result of Defendant's unlawful, unjust and inequitable conduct, Plaintiffs and all members of the proposed Rule 23 Class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

224.   Accordingly, on behalf of themselves and the members of the proposed Rule 23 Class, Plaintiffs seek appropriate relief against Defendant including damages, restitution, a refund of all tips paid to Defendant and other employees of Defendant, prejudgment interest, attorneys' fees and costs and all other relief that the Court deems just and appropriate.

**B. Non-Dancer Plaintiffs**

225.   Non-dancer Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

226.   Non-dancer Plaintiffs were paid a flat-fee in cash each night for their work, regardless of how many hours they worked, often resulting in a wage less than minimum being paid for hours less than forty and for less than all overtime hours being paid at the statutory rate of time-and-a-half.

227.   All of the time spent by Plaintiffs in the performance of their duties was for the sole benefit of Defendant.

228.   Defendant had full knowledge of all duties performed by Plaintiffs because it is Defendant that owned and operated the private club where Plaintiffs worked.

229.   Defendant chose to accept the benefits of Plaintiffs' undercompensated labor for itself.

230.   By unjustly receiving the value of Plaintiffs' labor without providing proper compensation therefore, Defendant obtained substantial benefits and was unjustly enriched at the expense of Plaintiffs and the members of the proposed Rule 23 Class.

231.   Defendant's conduct was willful and not the result of mistake or inadvertence.

232.   It would be inequitable for Defendant to retain the benefits received.

233.   As a direct result of Defendant's unlawful, unjust and inequitable conduct, Plaintiffs and all members of the proposed Rule 23 Class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

234.   Accordingly, on behalf of themselves and the members of the proposed Rule 23 Class, Plaintiffs seek appropriate relief against Defendant including damages, restitution, a refund of all tips paid to Defendant and other employees of Defendant, prejudgment interest, attorneys' fees and costs.

## XV.

## EQUITABLE TOLLING

235.   The applicable statute of limitations for Plaintiffs' FLSA causes of action should be tolled for all putative class members because strict application of the statute of limitations would be inequitable.

236.   FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

237.   An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

238.   Defendant failed to post any notice regarding the FLSA whatsoever.

239.   Further, Defendant specifically instructed Dancer Plaintiffs that they were not employees, but rather were independent contractors. As a result of Defendant's assertions, Dancer Plaintiffs had no basis for believing they were protected by the FLSA.

240.   In addition, as a result of prior litigation, namely Kalie Brown, et al, v. Barney's Barn, Inc., et al, 4:11-cv-224-SWW, Defendant has been on notice for quite some time that dancers seek to pursue claims against Defendant for FLSA violations.

241.   Based on any one factor set forth above, and certainly based upon all of the factors collectively, this Court should apply the doctrine of equitable tolling to toll the claims of all putative class members for as long as or longer than any other court ever has any Federal District Court.

## XVI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Nicole Collins, Casi Hudson, Rachel Hillman, Jane Doe I, Chris Cruthis, Marcus Stevens, and Erin Townsend, each on behalf of themselves and for others similarly situated, respectfully pray that each Defendant be summoned to appear and answer herein; for orders as follows:

(A)   Certification of and notice to the proposed collective classes and the Rule 23 classes;

(B)   For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant, jointly and severally;

(C)   That the Court award Plaintiffs and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages, in addition to wages equal to the amount they were required to give Defendant and other employees as "dance fees" and "DJ fees" and "house" and/or "floor fees," any and all other diversions or exactions of gratuities;

(D)   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq*;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq*;

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(H)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(J)     Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled;

(K)     For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L)     An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**NICOLE COLLINS, CASI HUDSON,
RACHEL HILLMAN, JANE DOE I,
CHRIS CRUTHIS, MARCUS
STEVENS, and ERIN TOWNSEND,
Each Individually and on behalf of
Others Similarly Situated,
PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD STE 400
LITTLE ROCK, ARKANSAS 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

_____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and _____
Anne Milligan
Ark. Bar No. 2010263
anne@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NICOLE COLLINS, CASI HUDSON,**                                    **PLAINTIFFS**
**RACHEL HILLMAN, JANE DOE I,**
**CHRIS CRUTHIS, MARCUS STEVENS,**
**and ERIN TOWNSEND, Each Individually**
**and on Behalf of Others Similarly Situated**


vs.                                   No. 4:12-cv-_____ (SWW)


**BARNEY'S BARN, INC., Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**DANNY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**CASEY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**and MICHAEL JONES, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB**                              **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Nicole Collins
NICOLE COLLINS
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE COLLINS, CASI HUDSON,                                    **PLAINTIFFS**
RACHEL HILLMAN, JANE DOE I,
CHRIS CRUTHIS, MARCUS STEVENS,
and ERIN TOWNSEND, Each Individually
and on Behalf of Others Similarly Situated


vs.                          No. 4:12-cv-_____ (SWW)


BARNEY'S BARN, INC., Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
DANNY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
CASEY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
and MICHAEL JONES, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB               **DEFENDANTS**

### CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Casi Hudson
CASI HUDSON
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE COLLINS, CASI HUDSON,                          **PLAINTIFFS**
RACHEL HILLMAN, JANE DOE I,
CHRIS CRUTHIS, MARCUS STEVENS,
and ERIN TOWNSEND, Each Individually
and on Behalf of Others Similarly Situated


vs.                          No. 4:12-cv-_____ (SWW)


BARNEY'S BARN, INC., Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
DANNY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
CASEY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
and MICHAEL JONES, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB                          **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Rachel Hillman
RACHEL HILLMAN
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE COLLINS, CASI HUDSON,                          **PLAINTIFFS**
RACHEL HILLMAN, JANE DOE I,
CHRIS CRUTHIS, MARCUS STEVENS,
and ERIN TOWNSEND, Each Individually
and on Behalf of Others Similarly Situated


vs.                          No. 4:12-cv-_____ (SWW)


BARNEY'S BARN, INC., Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
DANNY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
CASEY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
and MICHAEL JONES, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB                          **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jane Doe I
JANE DOE I
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE COLLINS, CASI HUDSON,                                    PLAINTIFFS
RACHEL HILLMAN, JANE DOE I,
CHRIS CRUTHIS, MARCUS STEVENS,
and ERIN TOWNSEND, Each Individually
and on Behalf of Others Similarly Situated


vs.                          No. 4:12-cv-_____ (SWW)


BARNEY'S BARN, INC., Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
DANNY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
CASEY MARTINDILL, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB;
and MICHAEL JONES, Individually and
d/b/a PEACHES GENTLEMAN'S CLUB                                  DEFENDANTS

### CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Chris Cruthis_____
CHRIS CRUTHIS
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**NICOLE COLLINS, CASI HUDSON,**                                    **PLAINTIFFS**
**RACHEL HILLMAN, JANE DOE I,**
**CHRIS CRUTHIS, MARCUS STEVENS,**
**and ERIN TOWNSEND, Each Individually**
**and on Behalf of Others Similarly Situated**


vs.                              No. 4:12-cv-_____ (SWW)


**BARNEY'S BARN, INC., Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**DANNY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**CASEY MARTINDILL, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB;**
**and MICHAEL JONES, Individually and**
**d/b/a PEACHES GENTLEMAN'S CLUB**                                 **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Marcus Stevens
MARCUS STEVENS
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211


Date: November 1, 2012

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **NICOLE COLLINS, CASI HUDSON,** | **PLAINTIFFS** |
| **RACHEL HILLMAN, JANE DOE I,** | |
| **CHRIS CRUTHIS, MARCUS STEVENS,** | |
| **and ERIN TOWNSEND, Each Individually** | |
| **and on Behalf of Others Similarly Situated** | |

vs.                        No. 4:12-cv-_____ (SWW)

| | |
|---|---|
| **BARNEY'S BARN, INC., Individually and** | |
| **d/b/a PEACHES GENTLEMAN'S CLUB;** | |
| **DANNY MARTINDILL, Individually and** | |
| **d/b/a PEACHES GENTLEMAN'S CLUB;** | |
| **CASEY MARTINDILL, Individually and** | |
| **d/b/a PEACHES GENTLEMAN'S CLUB;** | |
| **and MICHAEL JONES, Individually and** | |
| **d/b/a PEACHES GENTLEMAN'S CLUB** | **DEFENDANTS** |

## CONSENT TO JOIN COLLECTIVE ACTION

I was an employee at Peaches Gentleman's Club on or after November 1, 2009, or in some cases, prior to that date. I understand this suit named above is being brought under the Fair Labor Standards Act (FLSA) for regular and for overtime compensation. As a former employee at Peaches Gentleman's Club, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of this action by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Erin Townsend
ERIN TOWNSEND
c/o Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 400
Little Rock, Arkansas 72211

Date: November 1, 2012