IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE COLLINS, ET AL., individually and on behalf of others similarly situated | * * * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:12CV00685 SWW |
| BARNEY'S BARN, INC., individually and d/b/a PEACHES GENTLEMAN'S CLUB, ET AL. | * * | |
| Defendants | | |

**ORDER**

Plaintiffs Nicole Collins, Casi Hudson, Rachel Hillman, Stacy Jackson, Chris Cruthis, Marcus Stevens, and Erin Townsend bring this action against Barney's Barn, Inc. ("Barney's"), doing business as Peaches Gentleman's Club ("Peaches"), and individual managers of Peaches. Before the Court is Plaintiffs' motion for sanctions [ECF Nos. 39, 40], Defendants' response in opposition [ECF No. 48], and Plaintiffs' reply [ECF No. 49]. After careful consideration, and for reasons that follow, the motion is granted in part and denied in part as provided in this order.

I.

Plaintiffs are former Barney's employees, who worked at Peaches, and they claim that Defendants failed to compensate them as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. On May 13, 2013, Plaintiffs served Defendants interrogatories and requests for production. Despite Plaintiffs' numerous efforts to obtain discovery responses without Court intervention, Defendants repeatedly failed to provide responses, and Plaintiffs filed a motion to

compel.  Subsequently, Defendants filed a motion requesting up to and including October 4, 2013 in which to respond to Plaintiffs' discovery requests, and by text order dated October 7, 2013, the Court directed the parties to file a report regarding the status of the discovery dispute. Defendants failed to file a report as directed, and Plaintiffs reported that defense counsel had not responded to his calls and emails regarding discovery.

By order entered October 17, 2013, the Court granted Plaintiffs' motion to compel and ordered  Defendants to respond to Plaintiffs' discovery requests within ten days.  Defendants failed to comply with the Court's order, and to this date, Defendants have failed to provide responses to Plaintiffs' discovery requests.

Before the Court is Plaintiffs' motion for sanctions, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.  Plaintiffs ask the Court to enter judgment in their favor on the issue of liability as a sanction for Defendants' noncompliance.  Plaintiffs also seek permission to submit a motion for reasonable attorney's fees incurred in bringing the present motion.  Plaintiffs report that they are greatly prejudiced by Defendants' failure to provide discovery because they seek information regarding their job duties, wages, and hours worked–information that is crucial to proving their claims.   This case was set for a bench trial for January 6, 2014, but given the status of discovery and Plaintiffs' inability to prepare for trial, the Court continued the trial date.

Defendants respond that their attorney, R. Keith Vaughan, takes "full responsibility for the failure to respond to the discovery requests and now has all the information his clients have in response to said discovery requests and is preparing answers thereto." ECF No. 48, ¶ 3. Regarding Vaughan's conduct, Defendants state:

> As a matter of explanation, [Vaughan] assigned the discovery requests to a new employee on May 15, 2013; not until the Motion to Compel was filed by Plaintiffs'

2

> did [Vaughan] realize said responses were not completed and served on Plaintiffs' attorney; after receipt of the Order to Compel, [Vaughan] again was assured by staff that the responses would be completed by October 21, 2013 and furnished to Plaintiffs at that time; this was not done, [Vaughan] then fired said staff person and contacted the client and met with him to get the answers; said meeting was accomplished around Thanksgiving and [Vaughan] called opposing counsel and advised the responses would be forthcoming; [Vaughan] then had an illness and quite honestly forgot to complete the task; on October 21 or 22nd, [Vaughan] received the Motion for Sanctions.

ECF No. 48, ¶4.   According to Defendants' response, Vaughan intends to file a motion to withdraw as counsel.  Additionally, Defendants contend that "the responses or lack thereof will not prejudice Plaintiffs' (sic) as most of the documents, etc. requested does (sic) not exist."  ECF No. 49, ¶ 6.

## II.

Federal Rule of Civil Procedure 37(b)(2)(A) grants the Court authority and discretion to impose sanctions for a party's failure to obey an order to provide discovery.  The range of permissible sanctions includes rendering a default judgment against the disobedient party.  Here, Plaintiffs seek sanctions tantamount to a default judgment, which would terminate Defendants' right to be heard on the issue of liability.  The harsh remedy of dismissal or default judgment should be a rare judicial act, used only when there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.  *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).

Here, the requirement of an order compelling discovery is met, and the Court finds that Plaintiffs have suffered prejudice as a result of Defendants' noncompliance.  Contrary to Defendants' assertion that Plaintiffs will not suffer prejudice because "most" of the documents requested do not exist, Defendants' failure to timely and candidly respond to discovery requests

and obey this Court's orders made it impossible for Plaintiffs to prepare for trial. In addition to adding to the expense of this litigation, Defendants' noncompliance has unnecessarily delayed the resolution of Plaintiffs' claims.

A "willful" violation of a court order in this context includes a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance, and a court may find willful disobedience sufficient to support dismissal or a default judgment when a party employs stall tactics and disregards court orders. *See Schoffstall v. Henderson,* 223 F.3d 818, 824 (8th Cir. 2000).

The Court finds that Defendants' failure to provide discovery responses as ordered demonstrates gross inattention to important duties and responsibilities, which comes perilously close to willful disobedience. However, in light of Defendants' representations, the Court declines to enter default judgment at this juncture. Instead, upon Plaintiffs' properly documented application, the Court will order that Defendants pay Plaintiffs' reasonable expenses, including attorney's fees, incurred by Plaintiffs in pursuing discovery responses. **Additionally, the Court will require that Defendants provide complete responses to Plaintiffs' discovery requests within five days from the date of entry of this order. If Defendants fail to comply with this order or any future discovery order, the Court will consider a renewed motion for sanctions, including entry of a default judgment.**

Finally, Defendants' response indicates that they misapprehend important points regarding Vaughan's representation, which warrant discussion. First, a party cannot escape his or her duty to comply with discovery orders by shifting blame to counsel or counsel's staff. Defendants voluntarily chose Vaughan to represent them in this action, and they cannot avoid

4

the consequences of the acts or omissions of their freely-selected representative. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390 (1962)(quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1879)); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001) (stating that "this court follows the 'well-established principle that a party is responsible for the actions and conduct of his [or her] counsel'")(quoting *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992)).

Second, Defendants state that Vaughan intends to file a motion to be relieved as counsel. The law does not allow a corporation to appear *pro se*, and Barney's has not filed a motion for substitution of counsel. *See United States v. Lylalele*, 221 F.3d 1345, 2000 WL 688237 at *1, unpublished table op. (8th Cir. May 30, 2000)(citing *Knoefler v. United Bank*, 20 F.3d 347, 348 (8th Cir.1994), and *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir.1993)). Accordingly, if the Court permitted Vaughan to withdraw as counsel at this juncture, Barney's would suffer default. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir.1996)(explaining that a corporation was technically in default from the date that its counsel was permitted to withdraw without substitution).

### III.

IT IS THEREFORE ORDERED that Plaintiffs' motion for sanctions (ECF No. 39) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiffs may submit a motion seeking reasonable

expenses and attorney's fees, accompanied by documentation of attorney's fees and expenses incurred in preparing relevant discovery motions.

**IT IS FURTHER ORDERED that Defendants shall provide complete responses to Plaintiffs' discovery requests within five (5) days from the entry date of this order**.

IT IS SO ORDERED THIS 13TH  DAY OF JANUARY, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
