# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE COLLINS, ET AL., | * | |
| individually and on behalf of others | * | |
| similarly situated | * | |
| | * | |
| Plaintiffs | * | |
| | * | NO: 4:12CV00685  SWW |
| V. | * | |
| | * | |
| BARNEY'S BARN, INC., individually | * | |
| and d/b/a PEACHES GENTLEMAN'S | * | |
| CLUB, ET AL. | * | |
| | * | |
| Defendants | * | |

## <u>ORDER</u>

Before the Court is Plaintiffs' motion for attorney's fees (ECF No. 54) and Defendants'
motion for reconsideration of orders imposing sanctions.  Plaintiffs have filed a response in
opposition to Defendants' motion (ECF No. 59), and Defendants have not responded to
Plaintiffs' motion.  After careful consideration, and for reasons that follow, Plaintiffs' motion for
attorney's fees is denied without prejudice, and Defendants' motion for reconsideration is
denied.

By order entered January 13, 2014, the Court granted in part and denied in part Plaintiffs'
motion for sanctions and  ordered Defendants to provide complete responses to Plaintiffs'
discovery requests.  The Court warned Defendants that if they failed to provide responses as
ordered, the Court would consider a renewed motion for sanctions, including entry of a default
judgment.   On January 22, 2014, Plaintiffs filed a second motion for sanctions and reported that
Defendants had once again failed to comply with the Court's order to provide discovery.
Defendants did not respond, and by order entered February 13, 2014, the Court granted

Plaintiffs' motion and deemed admitted all factual allegations set forth in Plaintiffs' complaint.

**Plaintiffs' Motion for Attorney's Fees**

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery responses is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . " Fed. R. Civ. P. 37(a)(5). And Rule 37(b)(2)(C) provides that when a party fails to comply with an order compelling discovery, instead of or in addition to imposing sanctions, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . . " Fed. R. Civ. P. 37(b)(2)(C). In accordance with the foregoing Rules, the Court directed Plaintiffs to file a motion "seeking reasonable expenses and attorney's fees, accompanied by documentation of attorney's fees and expenses incurred in preparing relevant discovery motions." ECF No. 50, at 5-6.

Plaintiffs have now filed a motion for fees and costs totaling $8,781.25. A review of supporting documents reveals that Plaintiffs seek compensation for expenditures that were not incurred as a result of Defendants' failure to fulfill discovery obligations and comply with court orders. For example, Plaintiffs seek attorney's fees for time expended in drafting interrogatories and requests for production and other tasks that preceded Plaintiffs' motion to compel and Defendants' failure to obey discovery orders.[1] Because such items do not fairly qualify as

---

[1]Plaintiffs' billing entries date back to April 2013. However, Plaintiffs filed their first motion to compel discovery responses on September 4, 2013 (ECF Nos. 26, 27). By order entered October 7, 2013, the Court ordered Defendants to provide discovery (ECF No. 35), and

"attorney's fees and expenses incurred in preparing relevant discovery motions," Plaintiffs'

motion will be denied without prejudice.  Plaintiffs may submit a second motion that limits fees

requested to those incurred in preparing relevant discovery motions.

**Defendants' Motion for Reconsideration**

Defendants seek reconsideration of the Court's orders imposing sanctions.   In support of

the motion, Defendants state:

> The undersigned attorney takes full responsibility for the failure to respond to the
> discovery requests and now has all the information his clients have in response to
> said  discovery requests and is preparing answers thereto. Due to the undersigned
> (sic)  failure to complete the timely responses to discovery, the undersigned has
> significantly prejudiced his client.  Defendants' (sic) have a valid defense[,] and
> particularly the individual defendants should have absolutely no liability in this
> FLSA action. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the
> Defendant's (sic) ask the court not to punish them for their attorney's mistake.

ECF No. 58, at 2.

On December 18, 2013, Defendants asserted similar arguments in opposition to

Plaintiffs' first motion for sanctions: They stated that defense counsel, R. Keith Vaughan, took

full responsibility for the status of discovery responses, and they professed that they had all the

information needed to provide discovery responses, which would be forthcoming.  *See* ECF No.

48.  Based on Defendants' representations, the Court declined to impose the harsh sanction of a

default judgment and ordered that Defendants provide discovery responses as they promised,

which they subsequently failed to do.   The Court also noted that Defendants' response indicated

---

on October 11, 2013, Plaintiffs filed a status report stating that Defendants had failed to comply
with the Court's order (ECF No. 37).  By order entered October 17, 2013, the Court entered a
second order compelling discovery responses from Defendants (ECF No. 38). On October 20,
2013, Plaintiffs filed their first motion for sanctions (ECF No. 39), and they filed their second
motion for sanctions on January 22, 2013.

that they misunderstood important facts regarding their legal representation, and the Court

specifically advised Defendants as follows:

> [A] party cannot escape his or her duty to comply with discovery orders by shifting
> blame to counsel or counsel's staff.  Defendants voluntarily chose Vaughan to
> represent them in this action, and they cannot avoid the consequences of the acts or
> omissions of their freely-selected representative. "Any other notion would be wholly
> inconsistent with our system of representative litigation, in which each party is
> deemed bound by the acts of his lawyer-agent and is considered to have 'notice of
> all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R.R.
> Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390 (1962)(quoting *Smith v. Ayer*, 101 U.S.
> 320, 326, 25 L. Ed. 955 (1879)); *see also Everyday Learning Corp. v. Larson*, 242
> F.3d 815, 817 (8th Cir. 2001)(stating that "this court follows the 'well-established
> principle that a party is responsible for the actions and conduct of his [or her]
> counsel'")(quoting *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992)).

ECF No. 50, at 4–5.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Defendants ask the court "not

to punish them for their attorney's mistake."  Rule 60(b)(1) provides that a court may relieve a

party from a final judgment or order for several reasons, including "excusable neglect." *See* Fed.

R. Civ. P. 60(b)(1).  "Excusable neglect means good faith and some reasonable basis for

noncompliance" and "an attorney's carelessness or busy schedule does not constitute 'excusable

neglect'". *United States v. Puig*, 419 F.3d 700, 702 (8th Cir.2005)(quoting *Ivy v. Kimbrough,* 115

F.3d 550, 552 (8th Cir.1997)); *see also Noah v. Bond Cold Storage,* 408 F.3d 1043, 1044 (8th

Cir.2005).  Defendants received multiple opportunities to comply with discovery orders, and the

Court specifically cautioned Defendants that they could not dodge discovery obligations by

transferring blame for noncompliance to their attorney.[2]  The Court finds no cause for

---

[2]Defendants contend that the lack of discovery will not prejudice Plaintiffs because most
of the materials sought "do not exist."  ECF No. 58, at 3.  As noted in the order granting
Plaintiffs' second motion for sanctions, Defendants' *complete* failure to participate in the
discovery process made it impossible for this case to proceed.  Without question, Defendants'

reconsideration of the  decision to impose sanctions for Defendants' willful and repeated failure to comply with this Court's discovery orders.

      IT IS THEREFORE ORDERED that Plaintiffs' motion for attorney's fees (ECF No. 54) is DENIED WITHOUT PREJUDICE.

      IT IS FURTHER ORDERED that Defendants' motion for reconsideration (ECF No. 57) is DENIED.

      IT IS SO ORDERED THIS 25TH DAY OF MARCH, 2014.

/s/Susan Webber Wright<br>UNITED STATES DISTRICT JUDGE

---

refusal to comply with this Court's orders has prejudiced Plaintiffs.