**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NICOLE COLLINS, ET AL.,                    *
individually and on behalf of others       *
similarly situated                         *
                                           *
                Plaintiffs                 *
                                           *        NO: 4:12CV00685  SWW
V.                                         *
                                           *
BARNEY'S BARN, INC., individually          *
and d/b/a PEACHES GENTLEMAN'S              *
CLUB, ET AL.                               *
                                           *
                Defendants                 *

## <u>ORDER</u>

Before the Court is Plaintiffs' second motion for attorneys' fees (ECF No. 61) and

Defendants' response in opposition (ECF No. 62).  After careful consideration, and for reasons

that follow, the motion is granted, and Plaintiffs are awarded $6,670 in attorneys' fees pursuant

to Rules 37(a)(5) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

The details regarding Defendants' complete failure to provide discovery responses or

comply with the Court's orders compelling discovery are set forth fully in previous orders and

will not be repeated here.  *See* ECF Nos. 38, 47, 50, 56.   In sum, Plaintiffs sought and obtained

an order compelling discovery, and they also sought and obtained an order imposing sanctions

for Defendants' willful failure to comply with orders compelling discovery.

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that if a motion to compel

is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Additionally, Rule 37(b)(2)(C) provides that when a party fails to comply with an order compelling discovery, instead of or in addition to imposing sanctions, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . . " Fed. R. Civ. P. 37(b)(2)(C).  In accordance with the foregoing Rules, the Court directed Plaintiffs to file a motion seeking reasonable expenses and attorneys' fees incurred in seeking orders compelling discovery and imposing sanctions.

The Court denied Plaintiffs' first motion seeking $8,781.25 in fees because they sought compensation for expenditures unrelated to Defendants' failure to fulfill discovery obligations. Now before the Court is Plaintiffs' second motion for attorneys' fees and supporting documentation.  Plaintiffs seek $6,670 in fees for a reported 30.90 hours spent preparing motions to compel, replying to Defendants' responses and related motions, and preparing motions for sanctions.[1]  The Court has carefully examined Plaintiffs' documentation and individual time

---

[1]As shown on the invoice attached to Plaintiffs' motion, three attorneys billed for the following hours related to matters related to discovery motions:

| Attorney | Rate | Hours | Total Fees |
|----------|------|-------|------------|
| Josh Sanford | $275.00 | 5.4 | $1,485.00 |
| Amber Schubert | $225.00 | 3.4 | $765.00 |
| Steve Rauls | $200.00 | 22.1 | $4,420.00 |
| TOTAL | | 30.9 | $6,670.00 |

entries and finds that the hourly rate is reasonable for this jurisdiction and that counsel expended a reasonable amount of time on tasks that were directly related to making motions to compel and for sanctions.  Defendants object that Plaintiffs seek fees for time spent responding to Defendants' motion for an extension of time to respond to discovery requests (ECF No. 33). However, Defendants' motion for an extension was responsive to Plaintiffs' motion to compel, and Plaintiffs' response to Defendants' motion was clearly related to the motion to compel.

IT IS THEREFORE ORDERED that Plaintiffs' second motion for attorneys' fees (ECF No. 61) is GRANTED.  Plaintiffs are hereby awarded $6,670 in attorneys' fees.

IT IS SO ORDERED THIS 18TH  DAY OF JUNE, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

6.      Given Defendants' history in this case and this Court's findings th