### IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE COLLINS, ET AL., individually and on behalf of others similarly situated | * * * * | |
| Plaintiffs | * * | NO: 4:12CV00685 SWW |
| V. | * * | |
| BARNEY'S BARN, INC., individually and d/b/a PEACHES GENTLEMAN'S CLUB, ET AL. | * * * * | |
| Defendants | * | |

### ORDER

Before the Court is Defendants' second motion to continue the bench trial set for Monday, July 7, 2014 (ECF No. 69) and Plaintiffs' response in opposition (ECF No. 70). After careful consideration, and for reasons that follow, the motion is denied.

In support of their motion, Defendants provide a letter written by J.D. Calhoon, M.D., who states that defense counsel, Keith Vaughan, is experiencing acute anxiety because his mother and brother-in-law are both hospitalized with life-threatening illnesses. Dr. Calhoon opines that Vaughan is presently unable to concentrate and "do what's required of him as a lawyer." ECF No. 69, at 3.

The record demonstrates that for some time, Defendants have been aware of impediments to Vaughan's ability to represent them, yet Defendants have failed to arrange for substitute counsel. On December 13, 2013, Defendants reported that Vaughan was responsible for their complete failure to respond to Plaintiffs' discovery requests, and they stated that Vaughan had

been ill and intended to withdraw as counsel.  *See* ECF No. 48.  By order entered January 13, 2014, the Court notified Defendants that they are bound by the acts of their freely-selected representative.  *See* ECF No. 50, at 4-5.  As for Vaughan's intention to withdraw, the Court advised Defendants that if Vaughan withdrew his representation before the appearance of substitute counsel, Defendant Barney's Barn, Inc. would suffer default because a corporation cannot appear in court without an attorney.  *See* ECF No. 50, at 5.   On March 19, 2014, Defendants again stated that Vaughan's representation had adversely affected them, *see* ECF No. 57, but they failed to withdraw him as their attorney and have substitute counsel enter an appearance.

Defendants have had *ample* time to arrange for substitute counsel, and Plaintiffs would suffer undue hardship and prejudice if trial in this matter were continued at this late hour.  The bench trial will proceed as scheduled, and the Court will be lenient in granting recesses to accommodate defense counsel's needs.

IT IS THEREFORE ORDERED that Defendants' second motion for a continuance (ECF No. 69) is DENIED.

IT IS SO ORDERED THIS 3rd DAY OF JULY, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE