IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE COLLINS, ET AL., | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| V. | * | |
| | * | NO: 4:12CV00685 SWW |
| BARNEY'S BARN, INC., | * | |
| individually and d/b/a PEACHES | * | |
| GENTLEMAN'S CLUB, ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

Seven former employees of Barney's Barn, Inc., doing business as Peaches Gentleman's Club, commenced this action under the Fair Labor Standards Act ("FLSA") against Barney's and two individuals, Danny Martindill and Casey Martindill.  On September 11, 2013, the Court entered findings and fact and conclusions of law and entered judgment in Plaintiffs' favor.  Now before the Court is Plaintiffs' motion for attorney fees and costs (ECF Nos. 81, 82) to which there has been no response.  After careful consideration, and for reasons that follow, the motion is granted.

Section 16(b) of the FLSA, 29 U.S.C. § 216(b) provides, in part:  "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  An award of attorney's fees and costs to the prevailing employee is mandatory under §

216(b), but the amount of the award is within the discretion of the court. *See Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1084 (8th Cir. 2000)(review of award of FLSA fees for abuse of discretion).

In the Eighth Circuit, the procedure used for determining an attorney's fee award is to compute the base "lodestar" figure by multiplying the number of hours reasonably expended by reasonable hourly rates. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Plaintiffs state the hours they spent prosecuting the case multiplied by their hourly rates amounts to $69,516 in fees. After deducting fees previously awarded by the Court and fees incurred in pursuit of unsuccessful motions, Plaintiffs request an award of $57,803.40 in attorney fees, and they provide detailed records documenting the attorney hours expended in this case. Plaintiffs assert that the hours expended and the hourly rates charged are reasonable. The Court agrees that the attorney time expended is reasonable, and the Court previously found that counsel's hourly rate is reasonable for this jurisdiction. *See* ECF No. 65, at 3. Without objection from Defendants, the Court finds that Plaintiffs' fee request should be granted.

Plaintiffs also seek $705.13 in costs. Rule 54(d) of the Federal Rules of Civil Procedure provides that a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for

costs.  Because Defendants failed to file objections to Plaintiff's bill of costs, they have waived any objection to the costs claimed.  *See Martin v. DaimlerChrysler Corporation*, 251 F.3d 691, 695–96 (8th Cir.2001). Plaintiffs will be awarded costs in the amount requested.

IT IS THEREFORE ORDERED that Plaintiffs' motion for attorney fees and costs (ECF No. 81) is GRANTED.  Plaintiffs are hereby awarded $57,803.40 in attorney's fees and $705.13 in costs.

IT IS SO ORDERED THIS 16TH  DAY OF OCTOBER, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE